**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-4149**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BOBBY JOE BROWN, a/k/a Bobby Joe Brown, Jr.,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00359-TDS-1)

─────────

Submitted:  August 26, 2010      Decided:  September 9, 2010

─────────

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Daniel K. Dorsey, Washington, D.C., for Appellant.  Robert
Albert Jamison Lang, Assistant United States Attorney, Winston-
Salem, North Carolina, Anna Mills Wagoner, United States
Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Joe Brown pled guilty to two counts of carjacking and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2119(1), 2 (2006), and discharging a firearm during and in relation to a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (2006). Counsel filed a brief under Anders v. California, 386 U.S. 738 (1967) certifying there are no meritorious issues for appeal but raising for the court's consideration whether the district court complied with Rule 11 and whether the upward variance for Count One was reasonable. Brown was given the opportunity to file a pro se supplemental brief, but chose not to do so. The Government did not file a brief. We affirm.

Because Brown did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 plea colloquy, the plea colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). We conclude the district court fully complied with the Rule 11 requirements in accepting Brown's guilty plea. Brown stated that he was not under the influence of alcohol or drugs, that he reviewed his case and the charges against him with counsel, and that he was satisfied with counsel's services. The court

explained the charges against Brown and advised him of the penalties, the effect of supervised release, and the applicability of the advisory Guidelines. Brown indicated he understood the consequences of his guilty plea and the rights he was giving up by entering the plea, including his right to a jury trial and his rights at trial. Finally, the district court ensured there was a factual basis underlying Brown's plea and that the plea was freely and voluntarily entered. Finding no error with the Rule 11 hearing, we affirm the conviction.

This court reviews Brown's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, the court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" Id. at 51. "When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The court must also "state in open

3

court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this Court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." Id. (internal quotation marks omitted).

An upward variance is procedurally sound if the district court adequately explains the variance by reference to the § 3553(a) sentencing factors. See United States v. Grubbs, 585 F.3d 793, 804-05 (4th Cir. 2009).

Once this court has determined that the sentence is free of procedural error, it must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

We find the reasons for the upward variance were sufficiently explained by the district court. The court referenced several facts regarding the incident that contributed to the heinous nature of the offense but were not taken into account by the Sentencing Guidelines. We also find, taking into account the totality of the circumstances and the extent of the

4

variance that the sentence for Count One was substantively reasonable. Likewise, we find the sentences for Count Two and Count Three were procedurally and substantively reasonable. Accordingly, we affirm the sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Brown's convictions and sentence. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5